UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SHAKETTA CATHEY,
Plaintiff,
v.

CAPITAL BANK, N.A.; and EXPERIAN INFORMATION SOLUTIONS, INC.

Defendants.

Case No.: 5:25-cv-02323-MCS-SP

**First Amended Complaint for Damages:**
**Violation of Fair Credit Reporting Act**

Plaintiff, Shaketta Cathey, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant, Capital Bank, N.A. ("Capital") is and at all times relevant hereto was, a lending institution regularly doing business in the State of California.

4. At all times pertinent hereto, Defendant Capital is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

5. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in California with headquarters in Orange

County, California.

6. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of California.

7. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

8. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

9. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## III. JURISDICTION AND VENUE

10. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) as the injury occurred in Orange County, California and Defendants do business in California.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Capital and Experian (collectively, "Defendants") and has suffered particularized and concrete harm.

13. Experian, Equifax, and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

14. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

15. Experian has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

16. Plaintiff discovered the Capital account OPENSKY CBNK 4621XXXXX on their Experian consumer report in error (the "Account").

17. During the course of repayment of the Account, the Account was paid in full in final settlement of Plaintiff's obligation with respect to the Account.

18. Plaintiff resolved their liability on the Account, and the Account balance is $0.

19. In spite of receiving the full benefit of payment in full on the Account, and releasing Plaintiff from liability on the Account, Defendant Capital continued, erroneously, to report a balance due and owing with derogatory charge-off status on the Account to Experian.

20. The false and misleading information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates their credit utilization.

## PLAINTIFF'S WRITTEN DISPUTE

21. On or about March 18, 2025, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report.

22. Upon information and belief Experian forwarded Plaintiff's Experian Dispute to Defendant Capital.

23. Upon information and belief, Capital received notification of Plaintiff's Letters from Experian.

24. Upon information and belief, Capital verified the erroneous information associated with the Account to Experian.

25. Capital failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

26. Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed

information and the accuracy of the Account.

27. Upon information and belief, Capital failed to instruct Experian to remove the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

28. Experian employed an investigation process that was not reasonable and did not remove the false and misleading information regarding the Account identified in Plaintiff's Experian Dispute.

29. At no point after receiving the Experian Dispute did Capital or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Experian Dispute.

30. Experian relied on their own judgment and the information provided to them by Capital rather than grant credence to the information provided by Plaintiff.

31. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

32. Plaintiff has lost time working to resolve the adverse information associated with the Account to prevent harm.

## COUNT I – EXPERIAN

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

33. Plaintiff re-alleges and reaffirms the above paragraphs 1-32 as though fully set forth herein.

34. After receiving the Experian Dispute, Experian failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Experian consumer report.

35. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

36. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

37. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

38. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

39. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

40. Plaintiff re-alleges and reaffirms the above paragraphs 1-32 as though fully set forth herein.

41. After receiving the Experian Dispute, Experian failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Experian consumer report.

42. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

43. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal

and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

45. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

46. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – CAPITAL

## Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

47. Plaintiff re-alleges and reaffirms the above paragraphs 1-32 as though fully set forth herein.

48. After receiving the Experian Dispute, Capital failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

49. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Capital's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false and misleading information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Capital's representations to consumer credit reporting agencies, among other unlawful conduct.

50. As a result of this conduct, action, and inaction of Defendant Capital, Plaintiff suffered damages and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51. Defendant Capital's conduct, action, and inaction were willful, rendering

Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

52. In the alternative, Defendant Capital was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

53. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Capital pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Jury trial;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted October 7, 2025

*/s/Garrett Charity*
Garrett Charity, Esq.
McCarthy Law, PLC
9200 E Pima Center Pkwy, Suite 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Garrett.Charity@mccarthylawyer.com
Attorney for Plaintiff